10-1625-ag
*Zhong Hua Yan v. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand eleven.

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

ZHONG HUA YAN,

*Petitioner*,

-v.-                                                                            No. 10-1625-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

_____


CHARLES CHRISTOPHE, Christophe & Associates, P.C., New York, New York, *for Petitioner*.

TIMOTHY G. HAYES, Trial Attorney, Office of Immigration Litigation (Keith I. McManus, Senior Litigation Counsel, *on*

1

*the brief*), *for* Tony West, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., *for Respondent*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Zhong Hua Yan, a native and citizen of China, seeks review of an April 6, 2010, decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the May 21, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhong Hua Yan*, No. A098 323 866 (B.I.A. Apr. 6, 2010), *dismissing appeal from* No. A098 323 866 (Immig. Ct. N.Y. City May 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, 'the opinion becomes the basis for judicial review of the decision of which the alien is complaining.'" *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (quoting *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir. 2004)). Where the BIA adopts certain aspects of the IJ's decision but declines to adopt others, we review the IJ's decision as modified by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the factual findings of the IJ and BIA under the "substantial evidence" standard, which treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009). "[T]he 'substantial evidence' standard requires that the factual findings be supported by 'reasonable, substantial and probative evidence

in the record.'" *Su Chun Hu*, 579 F.3d at 158 (quoting *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116 (2d Cir. 2006)).  We review questions of law and the application of law to undisputed fact *de novo*.  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Yan primarily argues that the BIA erred in concluding that the injuries suffered by Yan during his encounter with the family planning officials did not amount to persecution.[1]  We disagree.  The BIA reasonably considered the circumstances of Yan's beating and determined that the mistreatment he suffered was not sufficiently severe to constitute persecution.  *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).  The difference between harassment and persecution is "necessarily one of degree"; the degree must be assessed "with regard to the *context* in which the mistreatment occurs."  *Id.* (internal quotation marks omitted).  Thus, we have cautioned that "[t]he BIA must . . . be keenly sensitive to the fact that a 'minor beating' or . . . any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."  *Id.*

In *Jian Qiu Liu v. Holder*, 632 F.3d 820 (2d Cir. 2011) (per curiam), we held – under facts similar to those of this case – that "[t]he BIA did not err in concluding that [the petitioner] failed to demonstrate his eligibility for asylum on account of his alleged resistance to the family planning policy."  *Id.* at 821.  Here, as in *Jian Qiu Liu*, Yan suffered injuries "*prior* to his arrest and detention by local police . . . from an altercation with family planning officials," and those injuries "required no formal medical attention."  *Id.* at 822.  In addition, Yan "presented no evidence that the family

---

[1]  Yan expressly attests that he is not seeking review of those parts of the BIA's decision: 1) pretermitting his asylum application; 2) denying his withholding of removal claim based on his father's persecution during the Cultural Revolution; and 3) denying his withholding claim based on his membership in a particular social group.  We therefore do not consider them.

planning officials who physically attacked him had any intention of arresting or detaining him," and "[t]he altercation occurred only when [Yan] attempted to prevent the family planning officials from taking his wife, and [Yan] was later arrested by local police." *Id.* Yan also did not testify that he was mistreated or beaten during his detention. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005) ("[M]inor beatings and brief detention, even detentions lasting two or three days, do not amount to political persecution." (internal quotation marks omitted)), *overruled in part on other grounds*, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc). The BIA therefore did not err in concluding that Yan's injuries and detention did not rise to the level of persecution. Further, that Yan remained in China for 15 years after this incident, and that his wife remains there to this day, without further reported harassment, lend further support to the proposition that his injuries and brief detention in 1989 did not constitute persecution.

Because the BIA reasonably concluded that Yan did not establish past persecution, Yan is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Yan's contention that the government failed to rebut this presumption is therefore moot. As Yan does not argue here that he is eligible for withholding of removal because it is "more likely than not" that he will be persecuted if returned to China, *see* 8 C.F.R. § 1208.16(b)(2), we deem this argument waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). We therefore conclude that the BIA did not err in denying Yan's application for withholding of removal. *See* 8 U.S.C. § 1231(b)(3). In addition, because Yan's CAT claim is based on the same factual predicate as his withholding of removal claim, his CAT claim must also fail. *See Xue Hong Yang*, 426 F.3d at 522-23.

4

For the foregoing reasons, the petition for review is DENIED.  The stay of removal granted in this petition is VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk